UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS OMAR PEREZ,                :
          Petitioner,            :
                                 :              PRISONER
v.                               :    CASE NO. 3:15cv641(RNC)
                                 :
JOHN TARASCIO, Warden, et al.,   :
          Respondents.           :

RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his guilty-plea convictions for burglary, assault and other offenses on the grounds that he was deprived of his sixth amendment right to effective assistance of counsel and the state failed to investigate other potential suspects in violation of his right to substantive due process. For reasons that follow, the petition is denied.

Petitioner's ineffective assistance of counsel claim has been rejected on the merits in state court in two detailed opinions on the ground that petitioner failed to meet his burden of proving prejudice under Strickland v. Washington, 466 U.S. 668 (1984). See Perez v. Commissioner, No. CV104003330S, 2012 WL 6634686 (Conn. Super. Ct. Nov. 26, 2012), aff'd, 150 Conn. App. 371, 374 (Conn. App. Ct. 2014). Section 2254 permits

habeas relief on a claim adjudicated in state court only when the state decision is (1) contrary to, or involves an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts.  Petitioner has not made this showing.  Indeed, the well-reasoned decisions of the state courts correctly apply the Strickland test.  Accordingly, petitioner's claim for relief based on the sixth amendment is denied.

Respondent submits that petitioner cannot obtain relief on his ineffective assistance of counsel claim because the right to counsel provided by the sixth amendment did not apply at petitioner's probation violation proceeding, which led to the convictions at issue here.  In adjudicating petitioner's ineffective assistance of counsel claim, the state courts appear to have assumed that the sixth amendment right to counsel applied.  It is unnecessary to decide whether the sixth amendment right to counsel applied at petitioner's probation violation proceeding because, assuming it did, the state courts have correctly rejected petitioner's claim under Strickland.

Turning to the substantive due process claim, respondent states that this claim has not been presented to a state court.  Ordinarily, petitioner's failure to exhaust his state remedies

2

with regard to this claim would require that the claim be dismissed pending further state court proceedings.  Respondent submits that the exhaustion requirement can be dispensed with because the claim is clearly without merit in light of petitioner's guilty plea, which constituted a waiver of the claim.  I agree.

Accordingly, the petition is hereby denied.  The Clerk may enter judgment.  No certificate of appealability will issue.

So ordered this 30th day of August 2017.

/s/ RNC  
Robert N. Chatigny  
United States District Judge